IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ADRIANA DELATORRE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:19-CV-203-M-BR |
| § | |
| AMARILLO MUNICIPAL COURT, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE,
REMAND TO THE MUNICIPAL COURT**

Before the Court is Plaintiff Adriana Delatorre's ("Plaintiff's") Complaint. (ECF 1). For the reasons explained below, the Court RECOMMENDS that this lawsuit be DISMISSED without prejudice for lack of subject matter jurisdiction. To the extent that Plaintiff improperly attempted to remove this case from Amarillo Municipal Court to this Court (no such claim or documentation is actually before the Court), this case must be REMANDED to the Amarillo Municipal Court.

### I.   FACTUAL BACKGROUND

On or about September 6, 2018, Plaintiff was issued ten citations by the Defendant, Amarillo Municipal Court, for the following violations:

> Animal at Large (Case/Warrant No. AE0081503-01)
> Animal at Large (Case/Warrant No. AE0081504-01)
> Animal – Rabies Vaccination (Case/Warrant No. AE0081504-02)
> Animal – Vaccination Tag (Case/Warrant No. AE0081504-03)
> Animal at Large (Case/Warrant No. AE0081505-01)
> Animal – Rabies Vaccination (Case/Warrant No. AE0081505-02)
> Animal – Vaccination Tag (Case/Warrant No. AE0081505-03)
> Animal – Rabies Vaccination (Case/Warrant No. AE0081506-01)
> Animal – Vaccination Tag (Case/Warrant No. AE0081506-02)
> Animal – Inhumane Treatment (Case/Warrant No. AE0081506-03)

(ECF 1 at 2, 13, 15-19). With her Complaint, Plaintiff submitted documentation of her citations for each charge and a letter reflecting an upcoming trial date for the above offenses. (*See id*. at 14.) Plaintiff alleges that on May 25, 2019 she was arrested for the above animal "ticket warrants" and spent 10 days in jail. (*Id*. at 2). It is unclear if this is because she missed a docket call or some other court date. (*See id*.). Plaintiff bonded out and pleaded not guilty. However, it is clear from the documentation and Complaint allegations that Plaintiff later failed to appear for her October 21, 2019 trial date. (*Id*.). Plaintiff alleges she did not appear because the municipal complaints did not list the witness or witnesses against her and because the warrants issued in the cases were defective; she further alleges she did not appear because "she was standing on her Constitutional rights." (*See id*.). On the same day as the scheduled trial, October 21, 2019, ten warrants were issued for her arrest based on this failure to appear. (*See id*. at 20-30).

On October 28, 2019, Plaintiff filed her Complaint alleging that Defendants "cannot prove any of the alleged facts in the complaint, and cannot prove monetary damages, or that I owe any additional jail time on this matter…" (ECF 1 at 2). Plaintiff claims Defendants actions were a "trespass on my Constitutional rights, fraud in the inducement, false imprisonment, kidnapping, and should be void with remedy." (*See id*.). Plaintiff seeks damages in the amount of the bond money she spent and $150,000 for her incarceration. (*Id*. at 3). Additionally, Plaintiff claims due process violations under the Fourth and Fifth Amendment and violations of the Sixth Amendment right to confrontation, and demands an additional sum of $37 million dollars. (*Id*.).

Plaintiff attached a letter she sent to the Amarillo Municipal Court on October 10, 2019, alleging the violations of her Constitutional rights and stating she would file suit within 10 days under 42 U.S.C. § 1985, paragraph 3, (conspiracy); 28 U.S.C. § 454 (practice of law by justices and judges), and 28 U.S.C. § 453 (oaths of justices and judges). (*Id*. at 4-6).

## II.     STANDARD OF REVIEW

*Sua sponte* dismissal of a lawsuit is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *See Dilworth v. Dallas Cnty. Comm'ty College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). A lack of subject matter jurisdiction may be raised *sua sponte* by the Court at any time. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Moreover, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of Plaintiff's pleadings and filings to determine whether facts exist to

support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts a plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). A plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### III.  ANALYSIS

**Subject Matter Jurisdiction**

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this circumscribed power, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen*, 511 U.S. at 377; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction

should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

Plaintiff cites three statutes in her letter to the Amarillo Municipal Court (ECF 1 at 4-6) as a basis for jurisdiction of her suit: 42 U.S.C. § 1985, paragraph 3, (conspiracy); 28 U.S.C. § 454 (practice of law by justices and judges), and 28 U.S.C. § 453 (oaths of justices and judges). However, none of the allegations contained in Plaintiff's Complaint allege any violations of these statutes. Rather, Plaintiff asserts jurisdictional defects in issuance of her warrants and violations of her Constitutional rights to due process and confrontation of witnesses. In essence, Plaintiff challenges the validity of her municipal court warrants. To the extent that Plaintiff is attempting to bring a lawsuit for a governmental conspiracy under section 1985, there are no such allegations of conspiracy in her Complaint at all. Consequently, the Court has no federal-question jurisdiction in this case. While the Court must construe pro se pleadings liberally, doing so here fails to reveal facts that would warrant invoking the limited jurisdiction of the Court.

Additionally, there is no diversity jurisdiction for this case. A district court may have subject matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00, *and* the action is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *See Whalen v. Carter*, 654 F.2d 1087, 1094

5

(5th Cir. 1992). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094. In the instant case, Plaintiff's Complaint makes it clear that she is a citizen and resident of Texas. Additionally, at least one defendant, Joel Richardson, is also a citizen and resident of Texas. (ECF 1). The other Defendants in this lawsuit are Texas governmental agencies or courts. (*Id.*). Based on this, Plaintiff's suit does not establish subject matter jurisdiction through an assertion of diversity jurisdiction. *See Life Partners, Inc.*, 650 F.3d at 1029.

**<u>Attempted Removal of Criminal Case to Federal Court</u>**

It actually appears that Plaintiff wishes to remove her Amarillo Municipal Court cases (all ten) to federal court. (ECF 1 at 1). By her Complaint, Plaintiff challenges her municipal court citations and warrants for having unvaccinated and/or untagged animals at large. (*See id.*). These are criminal violations. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 822.031, 822.035.

> The owner or person having control of a dog at least six months of age in a county adopting this subchapter may not allow the dog to run at large unless the dog:
>
> (1) is registered under this subchapter with the county in which the dog runs at large; and
>
> (2) has fastened about its neck a dog identification tag issued by the county.

TEX. HEALTH & SAFETY CODE ANN. §§ 822.031.

(a) A person commits an offense if the person intentionally:

> (1) fails or refuses to register a dog required to be registered under this subchapter;
>
> (2) fails or refuses to allow a dog to be killed when ordered by the proper authorities to do so; or
>
> (3) violates this subchapter.
>
> (b) An offense under this section is a misdemeanor punishable by a fine of not more than $100, confinement in the county jail for not more than 30 days, or both.

TEX. HEALTH & SAFETY CODE ANN. §§ 822.035.

28 U.S.C. § 1443(1) provides for removal of a criminal action when the criminal proceeding is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Plaintiff's Complaint alleges that the enforcement of the ticket is contrary to her civil rights. (ECF 1 at 1-5). Liberally construing Plaintiff's *pro se* Complaint as seeking removal under this provision, the Court finds remand would be warranted in any event. However, because Plaintiff has not properly removed this case to federal court, Plaintiff's ten criminal cases are still presently before the Amarillo Municipal Court and are in active warrant status.

"[I]t must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotation marks and alterations omitted). While Plaintiff's Complaint argues that her due process rights and right to confront witnesses were being denied by the Amarillo Municipal Court, this is untrue. Texas law expressly requires a defendant be provided an opportunity to be heard, and Plaintiff's own Complaint and attachments clearly reflect a trial setting of October 21, 2019, which she missed. Further, there are no factual allegations in the Complaint that support any specified federal rights cannot be presented in

municipal court. There can be no dispute that Plaintiff was provided a court date in the state court action. Because there is no indication that Plaintiff lacks the ability to enforce her rights, no jurisdiction exists under § 1443. Accordingly, the Court would be forced to remand this case for lack of subject matter jurisdiction if any proper removal paperwork had been filed by Plaintiff.

## IV.   CONCLUSION

As this Court lacks subject matter jurisdiction over the Plaintiff's claims, the Court must dismiss this case.

## V.   RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Chief District Judge that Plaintiff's Complaint should be DISMISSED without prejudice, for lack of subject matter jurisdiction.

## VI.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 12, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).